In the Matter of BRANIFF AIRWAYS, INC., et al., Debtors.

W.P. McDONALD, Plaintiff-Appellant,

v.

BRANIFF AIRWAYS, INC., et al., Defendants-Appellees.

No. 83–1531.

United States Court of Appeals, Fifth Circuit.

April 6, 1984.

Hicks, Gillespie & James, James L. Hicks, Jr., Dallas, Tex., for plaintiff-appellant.

Arnold & Porter, K. Peter Schmidt, Washington, D.C., for Braniff Airways, Inc.

Mitchell L. Strickler, Lawrence F. Landgraff, Kent Cprek, Washington, D.C., for Pension Benefit Guaranty Corp.

McDonald, Sanders, Ginsburg, Phillips, Maddox, Newkrik & Day, Rick G. Sorenson, Kevin D. Kuenzli, Fort Worth, Tex., for defendants-appellees Robson and Quattlebaum.

Cohen, Weiss and Simon, Robert S. Savelson, New York City, for Air Line Pilots Assoc.

Before CLARK, Chief Judge, RUBIN and POLITZ, Circuit Judges.

PER CURIAM:

The judgment appealed from is affirmed based upon the memorandum opinion and order of the United States District Court for the Northern District of Texas, filed June 28, 1983, 37 B.R. 922 (N.D.Tex. 1984).

AFFIRMED.

KING FISHER MARINE SERVICE, INC., Plaintiff-Appellee,

v.

The NP SUNBONNET, Her Engines, etc., et al., Defendants,

and

Newpark Marine Services, Inc., Defendant-Appellant.

No. 82–3697.

United States Court of Appeals, Fifth Circuit.

April 6, 1984.

J. Fredrick Kessenich, New Orleans, La., for defendant-appellant.

George J. Fowler, III, James B. Feinman, New Orleans, La., for plaintiff-appellee.

## ON PETITION FOR REHEARING

(Opinion February 13, 1984, 5th Circuit, 724 F.2d 1181)

Before GEE, TATE and HIGGINBOTHAM, Circuit Judges.

### PER CURIAM:

In seeking rehearing, Newpark Marine Services attacks only the measure of damages applied by the trial court and approved in our earlier opinion, 724 F.2d 1181 (5th Cir.1984), protesting the award of over two hundred thousand dollars damages to replace the value of a barge purchased on the open market—only two days before its destruction—for a mere thirty thousand. That the factual circumstances of this case are striking must be conceded; we adhere to our original opinion, however, convinced that the measure of damages that we have applied is the correct one.

As we noted in that writing, Newpark's pointing to the relatively low exchange value [1] set by the market on the lost barge is entirely appropriate, as far as it goes. The barge's value to King Fisher, however, is the proper measure of its loss in the circumstances presented here.

These circumstances are distinguished by an all but unique item of evidence that goes far to remove significant doubt that the barge owner meant to put it to the use that he claimed he had intended for it: as soon as he could do so, he procured the most similar and suitable replacement that he could find and carried on with the project. And so is removed, for this case, the most dubious feature of awarding replacement value or "value to the owner" as damages, the fear that speculative uses will be devised for lost items of equipment after the fact and proffered as a basis for a damage award.

We conclude by noting that the choice between awarding mere exchange value and, on rare and appropriate occasions, "value to the owner" is one of policy—not of ineluctable accounting. Logic compels neither. But where one who has arrived at a bargain of unique value to him is deprived of it by the fault of another, and where he can convince the trial court that its value to him was real and not speculative or later devised, he should recover it. Whether or not he can do so on any given occasion is for the trial court.

Petition for rehearing DENIED.

---

1. The terms "exchange value" and "value to the owner" are those of the Restatement of Torts Second, § 911:

   **§ 911. Value**
   (1) As used in this Chapter, value means exchange value or the value to the owner if this is greater than the exchange value.

   \* \* \* \* \* \*

   *e. Peculiar value to the owner.* The phrase "value to the owner" denotes the existence of factors apart from those entering into exchange value that cause the article to be more desirable to the owners than to others.

   Some things may have no exchange value but may be valuable to the owner; other things may have a comparatively small exchange value but have a special and greater value to the owner. The absence or inadequacy of the exchange value may result from the fact that others could not or would not use the thing for any purpose, or would employ it only in a less useful manner. Thus a personal record or manuscript, an artificial eye or a dog trained to obey only one master, will have substantially no value to others than the owner. The same is true of articles that give enjoyment to the user but have no substantial value to others, such as family portraits. Second-hand clothing and furniture have an exchange value, but frequently the value is far less than its use value to the owner. In these cases it would be unjust to limit the damages for destroying or harming the articles to the exchange value.